# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 15-MJ-325 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| RANDY JOE METCALF, | |
| Defendant. | |

On the 20th day of November, 2015, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On November 16, 2015, Defendant Randy Joe Metcalf was charged by Criminal Complaint (docket number 2) with a Hate Crime Act offense. At the hearing, FBI Special Agent Thomas Reinwart testified regarding the circumstances underlying the instant charge. During the early morning hours of January 12, 2015, Defendant assaulted L.S., an African American male, at a bar in Dubuque. A video recording captures the attack, including Defendant kicking and stomping the victim's head while the victim laid motionless on the floor. After appearing to leave to scene, Defendant then returned and kicked and stomped the motionless victim again. Several witnesses told authorities that Defendant had made racially disparaging comments and racial slurs throughout the evening. Defendant also displayed a swastika tattooed to his stomach to the bar owner and others, stating "this is what I am about." The victim suffered serious injuries, including

a broken right-side orbital bone. A female companion of the victim, who was also assaulted by Defendant, suffered a fracture to her right cheekbone.

Defendant, age 40, is a life-long resident of Dubuque. He has never bee married, but has two adult children. Defendant's mother and sister reside in Dubuque. Prior to his arrest, Defendant was living with his fiancé, her four children, and her minor grandchild. If released, Defendant would return to that address.

Defendant has been employed at a sheet metal company in Dubuque for approximately two years. His supervisor described him as a "hard worker" who "gets the job done." Defendant could return to that employment if released.

Defendant described himself in good physical health, although he has pain associated with a neck injury sustained at work approximately three months ago. Defendant denied any mental health issues, although he admitted receiving counseling for anxiety and a prescription to Xanax in 2005. Iowa Department of Corrections records reflect, however, that Defendant was hospitalized in 2012 for mood swings and suicidal ideation after he stopped taking his medication. According to the DOC records, Defendant has been diagnosed with post traumatic stress disorder, anxiety, depression, and bi-polar disorder. He has been prescribed various medications to combat his mental health issues throughout the years.

According to Defendant, he started using marijuana in his early 20s and has used it approximately once per year since that time, with his last use approximately three months ago. Defendant admitted using methamphetamine on two occasions in 2005, but has not used it since that time. Defendant denied using any other controlled substances. The Iowa Department of Corrections records reflect, however, that Defendant has reported using acid, ecstasy, hallucinogenic mushrooms, and cocaine in the past.

Defendant has an extensive prior criminal record, dating back to 1994 when he was 18 years old. Of particular significance are Defendant's eight convictions for assault. On

one occasions, Defendant was charged and later convicted of domestic abuse assault while a warrant was outstanding for his arrest when he failed to appear in another domestic abuse assault case. In 1996, Defendant was sentenced to prison for domestic abuse assault, harassment, burglary in the first degree, and wanton neglect of a minor. After being placed on work release, Defendant was charged with escape and returned to prison. In 2001, Defendant was sent to prison again for domestic abuse assault. In 2006, Defendant was given a 10-year prison term for burglary, but was paroled after about 2-1/2 years. Defendant was sent to prison a fourth time in October 2012, this time for domestic abuse assault. Defendant was discharged from parole in November 2014, just two months prior to the incident which gives rise to this charge.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on

probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with a Hate Crime Act offense. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(A).

The weight of the evidence against Defendant is strong. A video recording captures Defendant's vicious attack on the victim while he lay motionless on the floor. Comments made by Defendant throughout the evening, together with Defendant's comments on his tattoos, support a finding that the victim was attacked because of his race. While Defendant has strong ties to the community, Defendant's past criminal record establishes that he is a danger to the community. Defendant has at least eight convictions for assault, with additional assault charges dismissed. Defendant has committed numerous crimes while charges were pending and, on one occasion, committed domestic abuse assault while a warrant was outstanding for his arrest on an earlier domestic abuse assault. When talking to the pretrial services officers, Defendant misrepresented both his mental health status and his use of illegal controlled substances. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 23rd day of November, 2015.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA